UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| JAMES BARRY MURPHY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 25-225-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| SHERIFF NEEDLES, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff James Barry Murphy filed a *pro se* civil rights Complaint on July 2, 2025, asserting claims against the Scott County Sheriff and various officials at the Scott County Detention Center ("SCDC"). [Record No. 1]. Murphy was granted permission to proceed *in forma pauperis* by a prior order. [Record No. 6]. The Court now screens Murphy's Complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A, which require dismissal of any claims that are frivolous, malicious, fail to state a claim upon which relief can be granted, or seek monetary relief from a defendant who is immune from such relief. At this stage of review, the Court accepts Murphy's factual allegations as true where proper and construes his legal claims liberally in his favor. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

There are multiple problems with Murphy's Complaint. First, it does not comply with Rule 8 of the Federal Rules of Civil Procedure which requires a "short and plain statement of the claim showing that the pleader is entitled to relief" and allegations that are "simple, concise, and direct." *See* Fed. R. Civ. P. 8(a)(2), (d)(1). Although Murphy used this Court's approved

E.D. Ky. 520 Form for his Complaint, his claims are difficult to follow and his handwriting is, at times, illegible.  Moreover, Murphy frequently discusses wrongs the defendants allegedly inflicted on *other* inmates.  But he should understand that he does not have standing to assert claims on behalf of other prisoners.  *See Crawford v. United States Dep't of Treasury*, 868 F.3d 438, 455 (6th Cir. 2017) (quoting *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999) (observing that "'a plaintiff must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties'").

Next, as drafted, several of Murphy's claims asserted on his own behalf are subject to summary dismissal for failure to adequately state a claim upon which relief may be granted. For instance, Murphy alleges that Defendant "C/O LaFiever" slammed his face into a mirror, thus violating his Eighth Amendment right to be free from excessive force.  [Record No. 1 at 4].  However, Murphy does not allege that he sustained any pain or physical injury as a result of LaFiever's alleged action—only that his glasses were broken and the defendants refused to replace them.  *See Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995) (observing that "a violation of the Eighth Amendment will nevertheless occur if the offending conduct reflects an unnecessary and wanton infliction of pain"); *Combs v. Wilkinson*, 315 F.3d 548, 557 (6th Cir. 2002) (factors to consider in determining whether the use of force was wanton and unnecessary include the extent of injury suffered by an inmate).

Additionally, Murphy alleges that the defendants failed to protect him in violation of the Eighth Amendment, but he does not explain who or what he needed protection from or why.  *See Browing v. Pennerton*, 633 F.Supp.2d 415, 423 (E.D. Ky. 2009) (setting forth the legal requirements for a failure-to-protect claim).  Likewise, Murphy does not tie his allegation

that Defendant Kellwell Foods & Commissary sold items "not for resale" to any cognizable legal cause of action. These are just a few examples.

Page seven of the Complaint form asks the plaintiff whether he has filed any other lawsuit dealing with the same facts raised in this action. [Record No. 1 at 12]. Murphy responds "yes" to this question, disclosing Lexington Civil Action No. 5: 25-159-KKC, which was dismissed without prejudice on May 12, 2025. The Complaint form also directs the plaintiff to list *any* other lawsuits he has filed in state or federal court. Murphy responds to this inquiry by listing *Murphy v. Kaemingk*, 4: 13-cv-04134-LLP (D.S.D. filed Nov. 19, 2013, and dismissed pursuant to settlement Oct. 27, 2016). However, public records available through PACER reveal that Murphy has filed additional litigation matters that he failed to disclose. *See, e.g., Murphy v. Lewandowski*, Civil Action No. 4: 24-04108-KES (D.S.D. filed June 10, 2024, and dismissed for failure to prosecute July 29, 2024); *Murphy v. Department of Corrections Sioux Falls,* SD, Civil Action No. 5: 13-00041-KKC (E.D. Ky. filed Feb. 13, 2013, and dismissed Apr. 17, 2013). However, the most notable omission is *Murphy v. Needles, et al.*, Civil Action No. 25-00272 (Scott Cir. Court filed Apr. 14, 2025), which involves many of the same parties and allegations as the instant matter and is still pending in state court. Murphy's failure to disclose his litigation history weighs in favor of dismissing his Complaint without prejudice. *See Moody v. Inch*, Civil Action No. 3: 20-5420/LAC/EMT, 2020 WL 3105553, at *1 (N.D. Fla. May 11, 2020) (collecting cases).

The Court also notes that all *pro se* litigants must inform the Court of their current residential address. *See* L.R. 5.3(e). Murphy states in his Complaint (signed May 18, 2025) that he is housed at the SCDC. [Record No. 1 at 1] He also listed the SCDC as the return address on the envelope he used to mail his Complaint to the Court. [Record No. 1-3 at 1]

- 3 -

However, the envelope, which has no postmark, bears a stamp stating: "This item mailed from Pulaski County Detention Center." *Id.* Indeed, the publicly available website of the Pulaski County Detention Center ("PCDC") indicates that Murphy has been confined in that facility since June 22, 2025.[1] Therefore, the Clerk will be directed to send a copy of this Order and the corresponding Judgment to Murphy at the PCDC.

Based on the foregoing deficiencies, the Court will dismiss this action without prejudice, consistent with case law from the United States Court of Appeals for the Sixth Circuit. *See Kensu v. Corizon, Inc.*, 5 F.4th 646, 653 (6th Cir. 2021) (if a complaint violates Rule 8, one option is for a district court to "dismiss without prejudice and with leave to amend"). This means that Murphy may file a new civil action regarding the matters he attempted to raise here, and the Court will send him the appropriate forms for this purpose.

If Murphy wishes to file a new civil rights Complaint, he must do two things: (1) fully complete, sign, and file an E.D. Ky. 520 Civil Rights Complaint Form; and (2) either pay the $405.00 in filing and administrative fees up front and in full or properly ask to pay the filing fee in installments over time by fully completing and filing the AO 240 and E.D. Ky. 523 Forms.

The E.D. Ky. 520 Form must be completed in its entirety with legible handwriting. If Murphy needs extra space, he may attach up to eight pages which must be doubled spaced. The Complaint must clearly set forth his allegations in a manner sufficient to provide notice to each defendant of the nature of Murphy's claims. To make that task easier – for the parties and the Court – Murphy's Complaint must set forth his allegations and claims against each

---

[1] *Jail Tracker*, https://omsweb.public-safety-cloud.com/jtclientweb/jailtracker/index/PULASKI_COUNTY_KY (last accessed July 9, 2025).

defendant in a separate numbered paragraph.  And each of his claims **must** include the facts or events giving rise to the claim against a particular defendant, as well as provide some indication of what statutory or constitutional rights the plaintiff contends were violated.  In drafting any future Complaint, Murphy should keep in mind that he may only assert claims for violations of his own rights and may not assert claims on behalf of other prisoners.  *See Crawford*, 868 F.3d at 455.

Based on the foregoing, it is hereby **ORDERED** as follows:

1. Murphy's Complaint is **DISMISSED**, without prejudice.

2. The Clerk is directed to send Murphy blank E.D. Ky. 520, AO 240, and E.D. Ky. 523 Forms together with a copy of this Memorandum Opinion and Order and corresponding Judgment to the following addresses:

| | |
|---|---|
| Pulaski County Jail, KY<br>James Murphy<br>P.O. Box 247<br>Phoenix, MD 21131 | James Barry Murphy, ID # 127446<br>Scott County Detention Center<br>130 N. Court Street<br>Georgetown, KY 40324 |

3. If Murphy wishes to initiate a new civil action, he may proceed in accordance with the instructions set forth above.

4. This action is **STRICKEN** from the Court's docket.

Dated: July 9, 2025.



Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky